

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

February 20, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. Thos. A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-243
Re: Tax assessor and collector
establishing branch office in
city or town other than county
seat for sole purpose of selling
automobile license plates and col-
lecting registration fees thereon.
Article 6675a, Sec. 11.

The receipt of your letter of January 28th is
duly acknowledged by this Department, in which you seek an
opinion as to whether or not the tax assessor and collec-
tor of your county is authorized to maintain a branch of-
fice in the City of Cleveland for the sole and specific
purpose of issuing automobile license plates, receipts
therefor, and collecting the registration fees thereon.

As stated in your letter, the population of
Liberty County is approximately 25,000 people with Liberty,
the county seat, having a population of approximately
5,500 and Cleveland, a town within said county wherein your
branch office is desired to be maintained by the tax assess-
or and collector, has a population of approximately 3,560
in the town proper and approximately 7,500 in its trade
territory.

Based upon these facts, you refer us to Article
7256, Revised Civil Statutes, 1925, as amended, and lend
a very strong argument in support of the construction which
you have placed upon said statute. We certainly appreciate
the fact that you have given considerable thought to this
question, although we are constrained to disagree with the

conclusions reached in your letter. You agree that maintaining such a branch office does not come within the provisions of Article 7256, as amended, but that the intent of the Legislature from construing said Article clearly furnishes the basis for the branch office in question.

We are unable to adopt such a construction in our conclusion as to the intent of the Legislature in enacting this statute. The condition in said article which permits the establishment of a branch office thereunder reads:

"....; providing, however, that in all counties containing a city or town, other than the county seat, which has in excess of 7,000 inhabitants according to the last Federal census, said assessor and collector of taxes, with the consent and approval of the Commissioners' Court, may appoint a deputy assessor and collector of taxes in such town or city, who shall have the right to collect taxes from all persons who desire to pay their taxes to him, and to issue a valid receipt therefor...."

The term "according to the last Federal census" clearly prohibits the extending by construction of the words "city" or "town" in this article as meaning "trade territory". Webster's new International Dictionary defines "town" as:

"Any number or collection of houses constituting a distinct place with a name."

The Federal census does not include inhabitants of a trade territory connected with any city or town and we are unable to discard this limitation merely for the sake of a construction which has for its sole basis not a conflict or obstruction in administering the law but the obvious convenience of those upon whom the administration of the law is directed.

It will be noted that Article 7255, Revised Civil Statutes, 1925, provides that the tax collector of

Hon. Thos. A. Wheet, February 20, 1939, Page 3

his deputy shall attend and remain at least two days in each voting or justice precinct for the purpose of collecting such taxes as may be paid, after giving notice of the time and place as required therein.

We have endeavored to determine if said branch office would not be authorized by a liberal construction of this article and we are unable to do so. In arriving at our opinion of the question, we think that the Acts of 1929, 41st Legislature, Second Called Session, Chapter 88, page 172, and amendments of certein sections thereof, control. We call your attention to Sec. 11 of Article 6675a, being the same es Sec. 11 of the above act which reads as follows:

> "As compensation for his services under the provisions of this and other laws relating to the registration of vehicles and chauffeurs and the transfer of vehicles, each County Tax Collector shall receive a uniform fee of fifty cents for each of the first one thousand receipts issued by him each year pursuant to said laws; he shall receive a uniform fee of forty cents for each of the next nine thousand receipts so issued, a uniform fee of thirty cents for each of the next fifteen thousand receipts so issued and a uniform fee of twenty cents for each of the balance of said receipts so issued during the year. Said compensation shall be deducted weekly by each County Tax Collector from the gross collections made pursuant to this Act (Arts. 6675a-1 to 6675a-14; P. C. Art. 807a) and other laws relating to the registration of vehicles and chauffeurs and the transfer of vehicles. Out of the compensation so allowed County Tax Collectors, it is hereby expressly provided and required that they shall pay the entire expense of issuing all license receipts and number plates and chauffeurs badges issued pursuant hereto, including the cost of labor performed in issuing said receipts, number plates and badges and the cost of postage used in mailing same to applicants. (Acts 1929, 41st Leg., 2nd C. S., p. 172, ch. 88. Para. 11."

In referring to Chapter 88 of the above Act, we find that Sec. 10a of said act contained the following provision which was omitted when said Sec. 10a of the 1929 act was amended bytthe 41st Legislature, Acts of 1930, Fifth Called Session, Chapter 33, page 167:

"....It is hereby expressly provided that no County Tax Collector shall maintain more than one office at which vehicles may be registered under the provisions of this Act, but such Tax Collector may maintain one or more branch offices in any city, town or village within his county having a population of ten thousand, or more, provided, however, that no person shall be authorized or permitted to collect any license fees under the provisions of this Act, except the Tax Collector or a duly authorized and appointed deputy."

It is highly significant in rendering this opinion to note that the same Legislature, by the Acts of 1930, 4th Called Session, effective March 18, 1930, had the identical question of allowing the establishment of such branch offices before it, and concluded that only such branch offices as would be authorized within the provisions of Article 7256 could be legally maintained. Such an omission clearly indicates an intent by the Legislature to exclude the subject theretofore permitted.

We are unable to find any opinion having issued from this Department heretofore, placing a different interpretation or construction on similar wording as discussed herein.

It is, therefore, the opinion of this Department that the maintaining of such branch office for the purposes mentioned in your letter is not authorized.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WmK:AW

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS